Brian H. Kim  (State Bar No. 215492)
James P. Keenley (State Bar No. 253106)
Emily A. Bolt (State Bar No. 253104)
BOLT KEENLEY KIM LLP
2855 Telegraph Ave., Suite 517
Berkeley, California 94710
Phone: (510) 225-0696
Fax: (510) 225-1095
Email: bkim@bkkllp.com
          jkeenley@bkkllp.com
          ebolt@bkkllp.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO / OAKLAND DIVISION

| | |
|---|---|
| JANE DOE, | Case No.:  3:24-cv-2445 |
| Plaintiff, | **COMPLAINT (ERISA)** |
| v. | |
| STANDARD INSURANCE COMPANY, | |
| Defendant. | |

## INTRODUCTION

1. This case challenges Standard Insurance Company's ("Standard") denial of Plaintiff Jane Doe's claim for long-term disability ("LTD") benefits under the Pure Storage, Inc. Long-Term Disability Plan (the "LTD Plan").  Plaintiff was and is disabled under the terms of the LTD Plan and entitled to benefits under the LTD Plan.

///

///

## JURISDICTION

2. Plaintiff brings this action for declaratory, injunctive, and monetary relief pursuant to section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). This Court has subject matter jurisdiction over Plaintiff's claim pursuant to ERISA § 502(e) and (f), 29 U.S.C. § 1132(e) and (f), and 28 U.S.C. § 1331.

## VENUE

3. Venue lies in the Northern District of California pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because Plaintiff resides in this District, the breaches alleged occurred in this District, and the ERISA-governed plan at issue was administered in part in this District. Venue is also proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred within this District.

## INTRADISTRICT ASSIGNMENT

4. This case should be assigned to the San Francisco/Oakland Division because Plaintiff resides within this division and the relevant acts and omissions occurred within this division.

## PARTIES

5. Plaintiff Jane Doe is an individual who is a resident of Woodside, California and is proceeding as Jane Doe because the underlying factual issues in this case concern sensitive and confidential medical information relating to mental health conditions, including but not limited to anxiety and major depressive disorder. Defendant can identify Jane Doe by Claim Number 00JD1859, Policy Number 16507. At all relevant times, Plaintiff was a participant, as defined by ERISA § 3(7), 29 U.S.C. § 1002(7), in the LTD Plan.

6. At all relevant times, the "LTD Plan" was an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1), sponsored and funded by Pure Storage, Inc. Standard was and remains the insurer and claims administrator of the LTD Plan.

7. At all relevant times, Plaintiff was employed by Pure Storage, Inc. and as such was enrolled in the LTD Plan.

**FACTS**

8. At all relevant times the LTD Plan offered, among other things, short-term disability ("LTD") benefits to employees of Pure Storage, Inc., including Plaintiff, provided that an employee could establish that she was totally disabled under the terms of the LTD Plan. Under the LTD Plan, a claimant is entitled to 24 months of LTD benefits after a 90-day Waiting Period, if the claimant is "Totally Disabled from your Own Occupation if, as a result of Physical Disease, Injury, Pregnancy or Mental Disorder, you are unable to perform with reasonable continuity the Substantial And Material Acts necessary to pursue your Own Occupation."

9. At all material times prior to becoming disabled, Plaintiff was employed as a Vice President, Deputy General Counsel, Global Revenue Transactions for Pure Storage, Inc. On January 25, 2022, while the LTD Plan was in full force and effect, Plaintiff became disabled and entitled to benefits under the terms of the LTD Plan due to various conditions, including but not limited to left shoulder capsulitis and impingement with recurrent bursitis, post left shoulder arthroscopic surgery; lumbar radiculopathy; degenerative hip capsulitis; and major depressive disorder and anxiety. Plaintiff has been unable to perform with reasonable continuity in the usual and customary manner, the substantial and material duties of her own occupation as a Vice President, Deputy General Counsel, Global Revenue Transactions.

10. Plaintiff timely applied for long-term disability benefits under the LTD Plan. Despite the fact that Plaintiff was disabled under the terms of the LTD Plan, on November 29, 2022, Standard wrongfully denied her claim for LTD benefits.

11. Plaintiff timely submitted her appeal of Standard's adverse benefit determination in writing and provided Standard with additional evidence in support of her claim for disability benefits under the LTD Plan. On March 5, 2024, Standard issued its denial of Plaintiff's appeal, stating that it was a final-level appeal determination letter. Plaintiff has thus exhausted her administrative remedies under the LTD Plan with respect to her claim for LTD benefits.

12. Defendant's actions are contrary to the terms of the LTD Plan and have no reliable evidentiary support. Defendant's determination was based on evidence that is neither reliable nor "substantial," and its determination denied Plaintiff due process of law. In adjudicating Plaintiff's claims, Defendant's actions fell well below the "higher-than-marketplace quality standards" imposed by ERISA according to *Metro. Life Ins. Co. v. Glenn*, 128 S.Ct. 2343, 2350 (2008).

13. As a direct and proximate result of the aforementioned acts of Defendant, Plaintiff suffered damages as outlined below.

14. As the result of the actions of Defendant, Plaintiff has been improperly denied LTD benefits under the LTD Plan to which she is entitled together with interest thereon.

15. As a further result of the actions of Defendant, and each of them, Plaintiff has been required to engage the services of legal counsel for the purpose of obtaining her LTD benefits.

**FIRST CLAIM FOR RELIEF**
**[Claim for LTD Benefits Pursuant to ERISA § 502(a)(1)(B) Against Defendant]**

16. Plaintiff incorporates Paragraphs 1 through 15 as though fully set forth herein.

17. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), permits a plan participant to bring a civil action to recover benefits due to her under the terms of a plan, to enforce her rights under the terms of a plan, and/or to clarify her rights to future benefits under the terms of a plan.

18. At all relevant times, under the terms of the LTD Plan as set forth in the governing plan instruments, Plaintiff became and remains totally disabled and entitled to short-term disability benefits under the LTD Plan.

19. By terminating Plaintiff's claim for disability benefits, and by related acts and omissions, Defendant has violated, and continues to violate, the terms of the LTD Plan and Plaintiff's rights thereunder. Defendant's refusal to pay Plaintiff benefits violates the terms of the LTD Plan, and Defendant's actions in administering Plaintiff's claim and in denying benefits were wrongful and an abuse of discretion. At all material times herein, Defendant failed and

refused to honor the LTD Plan.  Defendant is therefore liable for all benefits due under the LTD Plan.

20.  As a proximate result of Defendant's actions, Plaintiff has been deprived of her disability benefits to which he was and is entitled and has suffered damages as set forth above in paragraphs 13-15.  Plaintiff further seeks a declaration as to her entitlement to future disability benefits, as follows:  an injunction prohibiting Defendants from terminating or reducing his disability benefits until the end of the maximum benefit period.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant the following relief:

A.  Declare that Defendant violated the terms of the LTD Plan by denying Plaintiff's claim for LTD benefits;

B.  Order that Defendant pay Plaintiff's LTD benefits owed under the terms of the LTD Plan, together with prejudgment interest on each and every such payment through to the date that judgment is rendered herein;

C.  Award Plaintiff attorneys' fees and costs of suit incurred herein pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g);

D.  Award prejudgment interest on all benefits owed under the terms of the LTD Plan that have accrued prior to the judgment; and

E.  Provide such other relief as the Court deems equitable and just.

Dated:  April 24, 2024

                                                                          BOLT KEENLEY KIM LLP

By:  /s/ Brian H. Kim
     Brian H. Kim
     Attorneys for Plaintiff